Houghton P. Metcalf, Petitioner v. Commissioner. Katharine H. Metcalf v. Commissioner.
Metcalf v. Commissioner
Docket Nos. 39791, 39792.
United States Tax Court
1953 Tax Ct. Memo LEXIS 16; 12 T.C.M. (CCH) 1428; T.C.M. (RIA) 54003; December 22, 1953
*16 Gift taxes. - Value of shares of corporate stock on date of gifts determined. Thomas R. Wickersham, Esq., and Harold B. Tanner, Esq., 1030 Hospital Trust Building, Providence, R.I., for the petitioners. Joseph Landis, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined deficiencies in gift tax for the calendar year 1949 of $8,087.62 for Houghton P. Metcalf and $6,932.25 for Katharine H. Metcalf. The question presented is the valuation of 11,000 shares of common stock of the Wanskuck Company, a Rhode Island corporation, and 16 shares of common stock of the Providence Journal Company, also a Rhode Island corporation, for the purpose of determining the gift tax on transfers of the stock on December 13, 1949. The petitioners' gift tax returns for the calendar year 1949 were filed with the collector of internal revenue for the district of Rhode Island. Findings of Fact The stipulated facts are so found, and the exhibits attached to the stipulation are included herein by this reference. On December 13, 1949, the petitioner Houghton P. Metcalf made a gift of 11,000 shares of stock of the Wanskuck *17 Company and 16 shares of stock of the Providence Journal Company in trust for the benefit of various persons. The valuation of numerous other gifts made at the same time is not in controversy. The petitioners, husband and wife, consented to have the gifts before us considered as having been made one-half by each of them, and accordingly each reported one-half the claimed value of the gifts in separate gift tax returns for the calendar year 1949. By letter of March 5, 1952, the petitioners were notified of the determination of deficiencies in gift tax for 1949 based on a revaluation of the shares of Wanskuck and Providence Journal by the respondent. On their returns the petitioners had valued the Wanskuck stock at $15 a share and the Providence Journal stock at $5,500 a share; whereas the respondent's valuation of each share was $18.42 and $7,000, respectively. In their petitions the petitioners valued Wanskuck stock at $9.16 a share and Providence Journal at $4,439 a share, and claimed a total overpayment of tax of $19,738.90. The Wanskuck Company is a manufacturer of woolen and worsted cloth in Providence, Rhode Island. On December 13, 1949, its outstanding capital stock was 381,400 *18 shares of common stock of a par value of $20 a share. Prior to September 30, 1949, its outstanding capital stock consisted of 7,628 shares of common stock of a par value of $1,000 a share. On the latter date there was a 50 shares for 1 share stocksplit. On December 31, 1948, Wanskuck's total net assets amounted to $16,357,090.44. One year later its total net assets were $15,791,202.02. Wanskuck's profit and loss statements reveal that it had net profits after taxes for each year between 1940 and 1948, and in each of these years it declared a dividend. It incurred a net loss in 1949 of $414,087.57, but nevertheless declared a dividend. Between 1940 and 1949 Wanskuck's earned surplus increased from about three to six million dollars. The company's earnings after taxes and its dividends per share were as follows: (Adjusted to shares outstanding on
December 31, 1949)
Earnings
Dividends
Year
per share
per share
1940
$ 2.34
$ 1.80
1941
2.44
1.70
1942
2.09
.80
1943
1.52
.60
1944
1.45
.60
1945
1.34
.60
1946
3.62
1.20
1947
4.40
1.20
1948
4.75
1.20
1949
-1.75
.40
The net worth per share of Wanskuck stock as of the end of each *19 year between 1940 and 1949 was as follows: (Adjusted to shares outstanding on
December 31, 1949
Net Worth
Net Worth
Year
per share
Year
per share
1940
$29.18
1945
$33.67
1941
29.85
1946
36.06
1942
31.17
1947
39.34
1943
31.92
1948
42.89
1944
32.85
1949
41.40
At the end of 1949, Wanskuck's current assets amounted to 6.6 times its current liabilities. For the five years immediately preceding 1949, the ratios of its current assets to current liabilities at the end of each year were 10 in 1944, 16.5 in 1945, 9.3 in 1946, 5.5 in 1947, and 5.02 in 1948. The Providence Journal Company is in the newspaper publishing business in Providence, Rhode Island. It publishes a daily morning newspaper with a Sunday edition and a daily evening paper. Its outstanding capital stock consists of 1,260 shares of common stock of a par value of $1,200 a share. According to the company's balance sheet its net assets on December 31, 1949, were $5,644,522. The Journal Company's by-laws provide that no share of its capital stock may be sold or transferred to anyone not already a shareholder without having been first offered to the corporation at the *20 same price the shareholder is willing to sell to any other party. In each of the years 1940 through 1949 the Providence Journal Company had consistently high earnings and a good dividend record. Following are the company's earnings per share after taxes and the dividends for this period: Earnings
per share
Dividends
Year
after taxes
per share
1940
$537.88 $528
1941
490.30
492
1942
421.88
420
1943
434.83
432
1944
414.41
420
1945
462.57
468
1946
538.20
480
1947
520.47
480
1948
661.59
432
1949
814.10
432
At the end of 1949 a share of the Providence Journal Company had a book value of $4,479.70, and in the same year the company's current assets were 3.7 times its current liabilities. The shares of Wanskuck andthe Providence Journal Company are not listed on a stock exchange, nor are they dealt in by brokers. There were sales of both stocks before and after December 13, 1949. In 1943 there were five sales of Wanskuck Company stock, involving a total of 340 shares, some of which were sold by the company to its own executives. All of these shares were sold for $676, prior to the 50 for 1 split of the company's stock in 1949. *21 The only other purchase of Wanskuck Company stock shown was the company's own purchase of one share in 1951 for $12.50. In 1945 there were two sales of Providence Journal Company stock, involving a total of six shares. In 1947 only one share was shown to have been sold; two sales, each involving one share, were made in 1948. Between 1949 and 1952 there were eight sales of Providence Journal stock, involving a total of nine shares, most of which were sold by the company to its own employees. The selling prices of these shares ranged from $5,000 to $5,500 a share. On December 13, 1949, the fair market value of Wanskuck Company stock was $16 a share. On the same date, a share of Providence Journal Company stock had a fair market value of $6,200 a share. Opinion The petitioners argue that the fair market values on December 13, 1949, of Wanskuck and Providence Journal stock were $11.875 a share and $5,500 a share, respectively. The respondent has determined their values at $18.42 and $7,000. For Federal gift tax purposes the value of a gift of stock is the fair market value on the date of transfer. Actual sales are, of course, important factors to be considered in arriving at fair *22 market value. Nevertheless, the sales of both companies' shares mentioned in the findings of fact are not too helpful in this respect, being either too few in number or remote in time, or between related parties. Where, as here, actual sales do not accurately reflect a fair market value, other considerations are helpful, including the corporation's net worth, its earning power, and dividend-paying capacity. To support their contention for lower valuations than determined by the respondent the petitioners called two expert witnesses. Both witnesses arrived at their opinions of fair market value by using what they called the "comparable companies method". One used a group of twelve companies in his study of the Wanskuck stock; the other used a selection of five. For comparative purposes the first witness selected periods of three, six, and ten years; the other used periods of three, five, and ten years. Both weighed earnings as more important than dividends and both gave consideration to Wanskuck's strong financial position. The first arrived at a fair market value for the Wanskuck stock of between $12.50 and $13 per share; the opinion of the second was $11 per share. With reference *23 to the Providence Journal Company only the first witness testified for the petitioners. Using the same method described above he set a value of $5,700 per share on the Journal stock. The respondent's witness took into consideration, among other things, Wanskuck's earning power, its dividend paying capacity, the character of its business, its location, net worth, and new fixed assets acquired in 1948 and 1949. In his opinion the stock had a fair market value of $18.42. This same witness, after studying the data in the record concerning the Providence Journal and after considering the growth and trend of the Company's business, its capital structure, financial position, earnings, dividend paying capacity and dividend record, net assets value, and the prices and yields of other newspaper company stocks, gave as his opinion a fair market value of $7,000 per share. We have carefully studied the testimony of these witnesses and have considered all of the factors relied on by them in reaching their conclusions as well as other factors appearing in the record which we deem pertinent. As has often been said, value is after all a matter of opinion. It calls for the application of the *24 experience and judgment of the Court. This we have done to the best of our ability and we conclude that the fair market value on the critical date of the Wanskuck stock was $16 per share and of the Providence Journal stock was $6,200 per share. Decision will be entered under Rule 50.